IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV23-V-02
(5:03CR48-1-V)

| | |
|---|---|
| ELIAS ECHEVERRIA-MENDEZ, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, filed March 6, 2009.

According to the record of the underlying criminal case, on April 27, 2005, Petitioner appeared before the Court and tendered "straight-up" guilty pleas to charges of: (1) conspiring to possess with intent to distribute at least five kilograms of cocaine, at least 500 grams of methamphetamine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 (Count One); (2) conspiring to import into the United States five kilograms or more of cocaine, 500 grams or more of methamphetamine and 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 960(a) and (b) and 963 (Count Two); (3) conspiring to launder money, in violation of 18 U.S.C. § 1956(h)(Count Three); (4) possessing with intent to distribute at least 500 grams of cocaine,

and aiding and abetting that offense, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Five); (5) possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841 (Count Eight); (6) possessing with intent to distribute 50 grams or more of methamphetamine, and aiding and abetting that offense, all in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; (Count Nine); (7) possessing with intent to disttribute 50 grams or more of methamphetamine, and aiding and abetting that offense, all in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; (Count Ten); and (8) re-entering the United States after previously having been convicted of an aggravated felony, in violation of 8 U.S.C. §1326(a) and (b)(2) (Count Fifteen). (Case No. 5:03CR48-1-V, document # 251: Superseding Indictment).

On July 10, 2006 -- pursuant to a §851 Notice filed by the Government and over Petitioner's objections -- the Court sentenced Petitioner to a total of 360 months imprisonment. The Court's Judgment was filed on August 8, 2006. (Case No. 5:03CR48-1-V, document # 517).

Petitioner timely appealed his case to the Fourth Circuit Court of Appeals. However, the Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion. United States v. Echeverria-Mendez, 223 Fed. App'x 215 (4th Cir. April 3, 2007). The Court's Mandate was entered on April 25, 2007, and Petitioner did not seek certiorari review in the United

States Supreme Court. Rather, after the passage of more than 22 months, on March 6, 2009, Petitioner filed the instant Motion to Vacate seeking to challenge a number of matters, including this Court's alleged failure to comply with Fed.R.Crim.P. 11, the sufficiency of the Superseding Indictment, the effectiveness of his attorney, and whether he actually is innocent of the subject offenses. However, it appears to the Court that the instant Motion to Vacate may be subject to summary dismissal.

That is, in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction and sentence became final on or about July 24, 2007, that is, at the expiration of the 90-day period during which he could have filed a certiorari petition in the United States Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (noting that in the absence of a petition for a writ of certiorari being filed, the one-year limitation period begins 90 days after the appellate court's decision is rendered). Critically, based upon the AEDPA, Petitioner had up to and including July 24, 2008, by which to file the instant Motion to Vacate. Suffice it to say, however, Petitioner did not file this Motion by that date. Consequently, it appears to the Court that the instant Motion to Vacate is time-barred.

Nevertheless, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill the Court held that "when a federal habeas court, prior to trial, perceives a pro se §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ." Although there yet is no published case in this Circuit which extends Hill to cases brought under §2255, the Court is aware of several unpublished cases in this Circuit which tend to suggest

4

that such an extension would be adopted by the Circuit Court.

Accordingly, this Court now shall give Petitioner twenty (20) days in which to file a document, explaining why his Motion to Vacate should be deemed timely filed. In particular, Petitioner should advise the Court of those matters which he believes could affect a determination of the timeliness of his Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That within twenty (20) days of the date of this Order, Petitioner shall file a document, explaining why he believes his Motion to Vacate under 28 U.S.C. §2255 should be deemed timely filed.

2. That the Clerk shall send a copy of this Order to Petitioner, return receipt requested.

**SO ORDERED.**

Signed: March 11, 2009

Richard L. Voorhees
United States District Judge